J-S57023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC GALTON DANIELS | |
| Appellant | No. 624 MDA 2019 |

Appeal from the Judgment of Sentence imposed April 12, 2019
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0000618-2018

BEFORE:  BOWES, J., STABILE, J. AND MUSMANNO, J.

MEMORANDUM BY STABILE, J.:          **FILED: DECEMBER 31, 2019**

Appellant, Eric Galton Daniels, appeals from the judgment of sentence imposed on April 12, 2019 in the Court of Common Pleas of York County following his conviction of the manufacture, delivery, or possession with intent to deliver marijuana ("PWID") and possession of drug paraphernalia. Appellant argues the trial court erred in denying his motion to suppress because the search warrant was not supported by probable cause.  Upon review, we affirm.

The underlying facts of the case are not in dispute.  Briefly, on October 24, 2017, Trooper Clint Long of the Pennsylvania State Police filed an application for a warrant to search Appellant's residence in Franklin Township. On that same day, a magisterial district judge approved the request and issued the warrant.  Immediately thereafter, Trooper Long executed the

warrant. With Appellant's cooperation, troopers searched his property and confiscated approximately 20 pounds of marijuana along with marijuana-growing equipment. *See* Notes of Testimony, Suppression Hearing, 4/30/18, Exhibit 1 (Application for Search Warrant, Affidavit of Probable Cause, and Inventory).

Following his arrest, Appellant filed a motion to suppress, arguing the warrant was legally insufficient because, *inter alia*, it was based on information from an anonymous source and no further investigation was conducted to corroborate the anonymous source(s). Motion to Suppress, 4/2/18, at 3-4. Following a suppression hearing on April 30, 2018, the court denied Appellant's motion.

Appellant proceeded to a non-jury trial on February 28, 2019 and was found guilty of PWID and possession of drug paraphernalia. On April 12, 2019, the court imposed a five-year county intermediate punishment sentence for PWID and a standard range sentence of twelve months' probation for possession of drug paraphernalia, concurrent with the sentence for PWID. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant asks us to consider one question:

I.     Whether the honorable trial court erred in denying Appellant's motion to suppress in that the search warrant was legally insufficient and was not supported by the required level of probable cause in that the information relied upon was provided by an anonymous source and

there was no further corroboration or investigation by the trooper?

Appellant's Brief at 4.

As this Court recently reiterated:

Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. The suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

Moreover, appellate courts are limited to reviewing only the evidence presented at the suppression hearing when examining a ruling on a pre-trial motion to suppress.

*Commonwealth v. Harlan*, 208 A.3d 497, 499 (Pa. Super 2019) (quoting

*Commonwealth v. Freeman*, 150 A.3d 32, 34–35 (Pa. Super. 2016)

(citation omitted)).

In his brief, Appellant summarizes his argument as follows:

The suppression court erred in not granting Appellant's motion to suppress. Reviewing the four (4) corners of the warrant, the warrant as issued was legally deficient. The warrant was issued based upon an anonymous tip received by Trooper Long. Trooper Long did no further investigation and did not corroborate the information provided in the affidavit of probable cause. Since the tip was anonymous and there was insufficient corroboration, there was no indicia of reliability to support the issuance of the warrant.

There was no corroborating evidence set forth in the affidavit of probable cause to support the issuance of the warrant.

Appellant's Brief, Summary of Argument, at 7.

In the argument section of his brief, Appellant focuses on the fact Trooper Long's source was anonymous and contends that, looking at the four corners of the affidavit of probable cause, an anonymous tip "is not sufficient to elevate the anonymous source into a being a confidential informant or a named source, or someone providing information with any indicia of reliability." Appellant's Brief at 9. Appellant relies on **Commonwealth v. Torres**, 764 A.2d 532 (Pa. 2001), in support of his argument.[1] However, **Torres** is factually distinguishable from the case before us.

In **Torres**, our Supreme Court determined there was "no attempt made to establish either the basis of knowledge of the anonymous sources or their general veracity, a strong showing of the reliability of the information that they have relayed to the police in the specific case is required in order to support a finding of probable cause." **Id.** at 540. In contrast, at the April 30, 2018 suppression hearing, Trooper Long testified that on October 22, 2017, he received an anonymous tip indicating Appellant was cultivating and growing marijuana at his residence. The source provided a phone number and was subsequently contacted at that number, validating its reliability. The source

---

[1] We note that **Torres** is the only case cited in the argument section of Appellant's brief.

also provided photographs depicting several plants hanging inside a shed as well as plants on a table, ready to be packaged and processed. The source advised that photographs were taken within 72 hours of being provided to Trooper Long. This information is documented in the affidavit of probable cause. Therefore, unlike in *Torres*, Trooper Long not only attempted, he also succeeded, in establishing the basis of the anonymous source's knowledge and the source's veracity as well as the reliability of the information provided.

In *Harlan*, we "emphasize[d] that 'the totality of the circumstances' set forth in the affidavit must be considered when examining whether probable cause supports the issuance of the search warrant." *Harlan*, 208 A.3d at 505. We noted:

> [T]he question of whether probable cause exists for the issuance of a search warrant must be answered according to the totality of the circumstances test articulated in *Commonwealth v. Gray*, 509 Pa. 476, 503 A.2d 921 (1985), and its Pennsylvania progeny, which incorporates the reasoning of the United States Supreme Court in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). . . . The task of the magistrate acting as the issuing authority is to make a practical, common sense assessment of whether, given all the circumstances set forth in the affidavit, a fair probability exists that contraband or evidence of a crime will be found in a particular place. A search warrant is defective if the issuing authority has not been supplied with the necessary information. The chronology established by the affidavit of probable cause must be evaluated according to a common sense determination.
>
> Further, probable cause is based on a finding of the probability, not a *prima facie* showing, of criminal activity, and deference is to be accorded a magistrate's finding of probable cause. We must limit our inquiry to the information within the four corners of the affidavit submitted in support of probable cause when determining whether the warrant was issued upon probable cause.

*Id.* (quoting ***Commonwealth v. Arthur***, 62 A.3d 424, 432 (Pa. Super. 2013) (quotation marks and some citations omitted)).

In his Rule 1925(b) statement, Appellant detailed his claims of error relating to the denial of the motion to suppress and insufficiency of the warrant application. ***See*** Rule 1925(b) Statement, 5/3/19, at ¶ 9(A)(1)(a)-(e) and (2)(a)-(f). The trial court addressed each claim of error in its Rule 1925(a) opinion, rejecting Appellant's assertions regarding the unreliability of the source and the claimed lack of investigation and corroboration. ***See*** Rule 1925(a) Opinion, 6/12/19 at 2-7. After noting the affidavit of probable cause included the exact address of the property and a full description of that property, along with information regarding Trooper Long's substantial training and drug investigation experience, the court concluded that "considering all of the circumstances set forth in the Affidavit of Probable Cause while giving deference to the magistrate's finding of probable cause, the issuing magistrate appropriately determined that probable cause existed for the issuance of the warrant." ***Id.*** at 7. Based on our review, we find the trial court's factual findings are supported by the record and its legal conclusions are free of error. Therefore, we shall not disturb its ruling.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/2019